IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.L., A MINOR, ) | |
| BY AND THROUGH HIS PARENTS, ) | |
| J.L. AND C.L. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 06-1652 |
| ) | Judge Nora Barry Fischer |
| ) | |
| AMBRIDGE AREA SCHOOL ) | |
| DISTRICT ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Pending before the Court is Plaintiffs' Motion to Amend the Order to Make it a Final Judgment and to Certify the Questions for Immediate Appellate Review and, for a Stay of this Action Pending Appeal [31], filed on March 14, 2008.[1] On March 18, 2008, Defendant filed a Response to Plaintiffs' Motion to Amend for Final Order and for Certification of Immediate Appealability and Stay of Action [33]. Plaintiffs did not file a reply to same.

In their motion, Plaintiffs request that the Court amend its February 22, 2008 Order and enter it as a final judgment pursuant to F.R.C.P. 54(b) or alternatively, request certification of the Order pursuant to 28 U.S.C. § 1292(b), both with respect to the Court's dismissal of Plaintiffs' claims for money damages under the IDEA, and the assertion of common law doctrines to toll the IDEA statute of limitations. Plaintiffs also request that if either motion is granted, that this litigation be stayed

---

[1] Plaintiffs' Brief in Support is twenty-three (23) pages in length and was filed without requesting leave of Court to file a brief in excess of the page limitations set forth in the Order on Motions Practice issued by Judge Hardiman on March 6, 2007, requiring all briefs in support to not exceed twenty (20) pages in length. (*See* Docket No. 6.)

pending the outcome of an appeal. The Court will address each request for relief, in turn.

I.     **RULE 54(b) CERTIFICATION**

Federal Rule of Civil Procedure 54(b), "Judgment on Multiple Claims or Involving Multiple Parties," provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed.R.Civ.P. 54(b). In support, Plaintiffs assert that their IDEA claims are severable from the remaining ADA and § 504 claims, that there is no just reason for delay in allowing an appeal, and therefore, the Court should certify the motion to dismiss as a final order. The Court disagrees.

Rule 54(b) "attempts to strike a balance between undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Allis-Chalmers Corp. v. Philadelphia Electric Co.,* 521 F.2d 360, 363 (3d Cir. 1975). The rule authorizes district courts to enter final judgment and certify judgment for immediate appellate review so to reduce the chance that delay will cause substantial hardship and unfairness to parties in complex multi-claim actions. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 513 F.Supp. 1334, 1336 (3d Cir. 1981). Therefore, motions pursuant to Rule 54(b) are addressed to the trial court's sound discretion, but prior to the exercise thereof, three conditions must be met: (1) there must be multiple claims or multiple parties; (2) there must be a final decision resolving the rights and liabilities of at least one party; and (3) there must be a finding that there is no just reason for delay. *Oyster v. Johns-Manville*

*Corp.*, 568 F.Supp. 83, 85 (E.D. Pa. 1983). With regard to the requirement that multiple claims exist, "a complaint which seeks to vindicate a single right through multiple remedies states but 'a single claim for relief' within the meaning of Rule 54(b)." *Id.* (citing *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 743 n. 4, 96 S.Ct. 1202, 1206 n. 4, 47 L.Ed.2d 435 (1976)).

Plaintiffs contend that the IDEA claims are severable from the ADA and § 504 claims, but in actuality are requesting that the IDEA claims be severed according to the type of relief requested. Plaintiffs offer no authority to support their contention that their IDEA claims may be severed in the manner they suggest here: that a claim for money damages under the IDEA is severable from their appeal of a state tribunal's grant of compensatory education under the IDEA (which was not dismissed); or, that the dismissal of the Plaintiffs' assertion of common law tolling doctrines is severable from the surviving assertion that the IDEA statute of limitations may be applicable.

In this matter, Plaintiffs allege that J.L. was denied a free, appropriate public education and seek compensatory education and monetary damages under the IDEA. (*See* Docket No. 1.) The Court finds that the Plaintiffs' IDEA claims in this action seek to vindicate a single right, the alleged denial of a free, appropriate public education, through claims for multiple remedies, monetary damages and compensatory education, and therefore, have stated "a single claim for relief within the meaning of Rule 54(b)." *See Oyster*, 568 F.Supp. at 85. As Plaintiffs have failed to establish that multiple claims exist as required under Rule 54(b), the Court denies Plaintiff's request for certification under Rule 54(b).[2]

---

[2] The Court notes that the Plaintiffs' arguments that there is "no just reason for delay" are unpersuasive, including the argument that Plaintiff J.L. is no longer a student in Defendant's school district and hence, will not be prejudiced by any delay. (*See* Docket No. 31 at ¶ 24). J.L.'s IDEA claim challenges the award of compensatory education services granted by the state tribunal. J.L. is currently nineteen years old and such services may be provided to him past his twenty-first birthday. Any enhancement to the compensatory education services provided to J.L. would directly

**II.     28 U.S.C. § 1292(b)**

28 U.S.C. § 1292, entitled "Interlocutory decisions," provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference in opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Section 1292(b) grants the Court of Appeals jurisdiction to review the District Court's interlocutory order. In support of its request for certification, Plaintiffs argue that the Court's motion to dismiss Plaintiffs' claims meets the standard for certification pursuant to § 1292(b). Again, the Court disagrees.

Certification pursuant to § 1292(b) should be granted "sparingly" and only when three conditions are met: (1) where immediate appeal may avoid protracted and expensive litigation, (2) the request involves a controlling question of law, and (3) where there is a substantial basis for differing opinion. *Milbert v. Bison Laboratories, Inc.*, 260 F.2d 431, 433 (3d Cir. 1958); *Orson, Inc., v. Miramax Corp.*, 867 F.Supp. 319, 321 (E.D. Pa. 1994). A substantial ground for difference of opinion may be demonstrated by offering conflicting and contradictory opinions of courts which have ruled on the issue. *Oyster*, 568 F.Supp. at 86.

In their motion and supporting memorandum, Plaintiffs fail to establish that there is a substantial basis for differing opinion as to the availability of monetary damages under the IDEA. Plaintiffs have cited one case in the Northern District of California, *Emma v. Eastin*, 985 F.Supp. 940, 944 (N.D. CA. 1997), to support their argument that such relief is available, and continue to rely

---

affect his educational needs, and any delay may hinder his receipt of educational services. Moreover, the Defendant School District is entitled to an opportunity to proceed on the merits.

on Third Circuit precedent that has been overruled permitting actions for IDEA violations requesting monetary damages through § 1983, including *W.B. v. Matula*, 67 F.3d 484 (3d Cir. 1995). In light of the overwhelming authority by the Courts of Appeals and the consensus of district courts within the Third Circuit denying monetary damages under the IDEA, cited in this Court's Opinion of February 22, 2008, this Court cannot find that there is a substantial basis for differing opinion. Likewise, with regard to the common law tolling arguments advanced by Plaintiffs, Plaintiffs rely on a Senate Report that pre-dates the adoption of the Regulations cited in this Court's Opinion, and a case that analyzes a judicially created limitations period and not the IDEA statute of limitations. *See Robert R. v. Marple Newtown School*, No. Civ.A. 05-1282, 2005 WL 3003033, *4 (E.D. Pa. filed November 8, 2005). The Court finds that Plaintiffs have failed to meet their burden to establish that a substantial basis for differing opinion exists. Accordingly, the Court denies Plaintiffs' request for certification under section 1292(b).

## III. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiffs' Motion to Amend the Order to Make it a Final Judgment and to Certify the Questions for Immediate Appellate Review [31]. As a result, Plaintiffs request for a Stay of this Action Pending Appeal is also denied.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: April 1, 2008.

cc/ecf: All counsel of record.