# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

J.L., A MINOR,                                )
BY AND THROUGH HIS PARENTS,   )
J.L. AND C.L.                                    )
                                                      )
    Plaintiff,                             )
                                                      )
vs.                                                   )        Civil Action No. 06-1652
                                                      )        Judge Nora Barry Fischer
                                                      )
AMBRIDGE AREA SCHOOL           )
DISTRICT                                        )
                                                      )
    Defendant.                          )

## MEMORANDUM ORDER

This matter is before the Court on Plaintiffs' "Motion for Reconsideration" [40].   For the

following reasons, said motion is hereby **DENIED**.

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or

to present newly discovered evidence." *Harsco Corp., v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985).

Such a motion should only be granted "if the party seeking reconsideration shows at least one of the

following grounds: (1) an intervening change in the controlling law; (2) the availability of new

evidence that was not available when the court granted the motion for summary judgment; or (3) the

need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex*

*rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v.*

*CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

1

In their motion, Plaintiffs argue that the decision of *L.R. v. Manheim Township School District*, Civil Action No. 05-1283, 2008 WL 794862 (E.D. Pa March 26, 2008), constitutes an intervening change in the controlling law sufficient for the Court to reconsider its April 1, 2008 Memorandum Order (Docket No. 36), denying Plaintiffs' request for certification pursuant to 28 U.S.C. § 1292(b). Plaintiffs rely on a statement by the District Court for the Eastern District of Pennsylvania that "[i]n light of the uncertainty remaining in the wake of *Matula* and *A.W.*, it cannot be said without considerable doubt whether money damages are available under the IDEA. Therefore, even before we reach the issue of exhaustion, there appears to be 'substantial difference of opinion' as to the question of law adjudicated by the interlocutory orders" to argue that an intervening change in the controlling law has occurred. (*See* Docket No. 40 at ¶ 5 (citing *L.R.*, 2008 WL 794862, at *5)). Defendant counters arguing that "the *L.R.* court did not specifically rule and issue an order on the availability of monetary claims as to create a 'difference of opinion' from this Honorable Court" and that even if the Court finds that a difference of opinion exists that Plaintiffs have failed to satisfy the requirement of 28 U.S.C. § 1292(b) that such an appeal would "avoid protracted and expensive litigation." (Docket No. 43 at 2-3).

The Court agrees with the argument set forth by Defendant. The decision cited by Plaintiffs in support of their motion for reconsideration, *L.R.*, is a decision by a district court in the Eastern District of Pennsylvania and not binding on this Court. Further, *L.R.* denied a request for certification as to whether a plaintiff "was required to exhaust all administrative remedies, pursuant to the IDEA, prior to bringing her claims before the Court." *L.R. v. Manheim Township School District*, 2008 W.L. 794862 *4. In so doing, the district court in *L.R.* opined that the uncertainty in the state of the law within the Third Circuit regarding the availability of monetary damages under

the IDEA appears to create a substantial difference of opinion, but offered such opinion without conducting the type of analysis present in this Court's Memorandum Opinion of February 22, 2008 (Docket No. 29), or Memorandum Order of April 1, 2008 (Docket No. 36). *Id*. at *5. The question of the availability of monetary relief under the IDEA was not before the district court in *L.R.*, and the district court's discussion of monetary relief in *L.R.* does not change this Court's previous analysis that monetary relief is not available under the IDEA. (*See* Docket No. 29). Accordingly, Plaintiffs' motion for reconsideration [40] is **DENIED**.

<u>s/ *Nora Barry Fischer*</u>
Nora Barry Fischer
United States District Judge

Dated: April 22, 2008

cc:    All counsel of record.