## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J.L., A MINOR, | ) | |
| BY AND THROUGH HIS PARENTS, | ) | |
| J.L. AND C.L. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 06-1652 |
| | ) | Judge Nora Barry Fischer |
| | ) | |
| AMBRIDGE AREA SCHOOL | ) | |
| DISTRICT | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

I.     INTRODUCTION

This Court is again tasked with the application of the Individuals with Disabilities in

Education Act ("IDEA") statute of limitations, 20 U.S.C. § 1415(f)(3)(C), and its enumerated

exceptions, 20 U.S.C. § 1415(f)(3)(D), to Plaintiffs J.L., and his parents, J.L. and C.L.'s

("Plaintiffs") compensatory education claims under the IDEA against Defendant Ambridge Area

School District ("Defendant" or "AASD"). Presently before the Court are proposed findings of fact

and conclusions of law submitted by the parties as well as legal briefs ordered by the Court in light

of the decision of *Tereance D. v. School Dist. of Philadelphia*, 570 F.Supp.2d 739 (E.D.Pa. 2008)

addressing the issue of whether the IDEA statute of limitations should apply to bar Plaintiffs' claims

that J.L. was denied a free and appropriate public education ("FAPE") during the 2001-2002, 2002-

2003 and 2003-2004 school years.     Upon consideration of the administrative record, the

supplemental record (Docket Nos. 62-1, 66 80-1 and 81), as well as the parties' briefs, and for the

following reasons, the Court finds that said claims are not barred by the IDEA statute of limitations.

II.     BACKGROUND[1]

> On March 3, 2006, Plaintiffs, through counsel, filed notice with the AASD requesting a due process hearing. (Docket No. 14 at 38; Docket No. 5-3). A due process hearing was subsequently conducted over a series of days on May 16, 2006, May 24, 2006 and June 23, 2006. (Docket No. 29 at 4).
>
> ...
>
> At the due process hearing, AASD stipulated, on the record, that it had violated J.L.'s right to a free, appropriate education ("FAPE") for the school years of 2004-2005 and 2005-2006. (Docket No. 14-8 at 6).
>
> ...
>
> [T]he Hearing Officer found that the Individuals with Disabilities in Education Act ("IDEA") statute of limitations barred Plaintiffs' claims prior to March 3, 2004. [Docket No. 37-2] at 6-8. In so holding, the Hearing Officer found that the IDEA statute of limitations was applicable because of evidence presented at the hearing that the parents had previously requested due process hearings on three occasions, two of which requests were withdrawn by the parents, and that the parents had been represented by Charles Jelly, Esq. in their dealings with the Defendant AASD since at least 2002. *Id*. at 7. The Hearing Officer further found that the exceptions to the IDEA statute of limitations did not apply because "[n]o testimony was presented that the district misrepresented that it had not resolved the problem nor was there any evidence presented that the district withheld any information from the parents." *Id*. As J.L.'s claims for educational services for previous school years were time-barred, the Hearing Officer awarded 990 hours of compensatory education to remedy the violations in both the 2004-2005 and

---

[1]    The Court limits its discussion of the factual and procedural background to those facts that are relevant to the resolution of the instant matters.  For a full discussion of same, *see J.L. v. Ambridge Area Sch. Dist. ("J.L. I")*, Civ. A. No. 06-1652, 2008 WL 509230 (W.D. Pa. Feb. 22, 2008) and *J.L. v. Ambridge Area Sch. Dist. ("J.L. II")*, Civ. A. No. 06-1652, 2008 WL 2798306 (W.D.Pa. July 18, 2008); *See also* Plaintiffs' Proposed Findings of Fact and Conclusions of Law (Docket No. 84) and Defendant's Proposed Findings of Fact and Conclusions of Law (Docket No. 87).

2005-2006 school years for a total of 1980 hours of compensatory education. *Id*. at 8.

...

The Plaintiffs set forth several exceptions to the Hearing Officer's decision before the Appeals Panel, including the calculation of the compensatory education award and the application of the IDEA statute of limitations. (Docket No. 14-4 at 36-55, 14-5 at 1-17).

...

[T]he Appeals Panel upheld the Hearing Officer's determination that the IDEA statute of limitations was applicable and that the parents had not met their burden of proving that the exceptions to the statute had been met. [Docket No. 14] at 41-42. Further, the Appeals Panel reversed the Hearing Officer's order of compensatory damages finding, that in addition to the grant of 1980 hours of compensatory education, J.L. was entitled to: an additional three (3) hours of compensatory education for every day from March 3, 2004 to the end of the 2004-2005 school year; and an additional five and a half (5 1/2) hours of compensatory education for every day from March 3, 2004 to the end of the 2005-2006 school year representing other services that J.L. would have received over that period. *Id*. at 46-47.

*Id.* at *2.

Plaintiffs filed their Complaint in this Court on December 13, 2006. (Docket No. 1). Later Plaintiffs amended their Complaint (Docket No. 37) and alleged that they are entitled to the following: (1) a *de novo* review of the final decisions of the Hearing Officer and Appeals Panel which limited Plaintiffs' relief under the IDEA to two years based on the IDEA statute of limitations;[2] (2) attorneys' fees and costs as Plaintiffs are prevailing parties under the IDEA; (3) damages and attorneys' fees and costs for violations of section 504 of the Rehabilitation Act and the Americans with Disabilities Act; and (4) appropriate relief, including attorneys' fees and costs for violations of J.L.'s and his parents' rights under the IDEA. (Docket No. 37).

---

[2]

*See* 20 U.S.C. §§ 1415(f)(3)(C) and (D). The Court notes that the text of these provisions is fully set forth in § IV(A) *infra*.

In two previous decisions, this Court has addressed the IDEA statute of limitations. This Court granted in part and denied in part Defendant's motion to dismiss in which Defendant argued that Plaintiffs' claims were barred by the IDEA statute of limitations. *J.L. v. Ambridge Area Sch. Dist. ("J.L. I")*, Civ. A. No. 06-1652, 2008 WL 509230 (W.D. Pa. Feb. 22, 2008). Specifically, this Court denied Defendant's motion to dismiss Plaintiffs' IDEA claims based on the statute of limitations, but found that Plaintiffs were required to re-plead their claims to demonstrate that the exceptions to the IDEA statute of limitations applied, *i.e.*, allegations that Defendant either made certain misrepresentations or omitted mandatory information to Plaintiffs which prevented them from filing a timely due process complaint. *Id*.

Plaintiffs were also ordered to file a proffer in support of their claim that this Court should accept additional evidence beyond the administrative record. (Docket No. 30). In their proffer, Plaintiffs requested that this Court hear additional testimony related to several issues, including testimony from the Parent Plaintiffs regarding the alleged misrepresentations and omissions of Defendant, arguing that the Supreme Court's decision in *Winkelman v. Parma City School Dist.*, 550 U.S. 516 (2007) supported the introduction of additional evidence on that basis. (Docket Nos. 38, 39). Defendant filed a brief in opposition contending that the submission of additional evidence in these proceedings by Plaintiff was not warranted. (Docket No. 44). After careful consideration of the parties' arguments, this Court issued a Memorandum Opinion, holding that Plaintiffs were permitted to supplement the administrative record with the testimony of the Parent Plaintiffs regarding the application of the IDEA statute of limitations as well as the enumerated exceptions thereto and ordered that an evidentiary hearing be held to permit same. *J.L. v. Ambridge Area Sch. Dist. ("J.L. II")*, Civ. A. No. 06-1652, 2008 WL 2798306 (W.D.Pa. July 18, 2008).

4

The evidentiary hearing was held on October 24 and November 18, 2008, during which the Court accepted evidence and heard argument regarding the application of the IDEA statute of limitations to Plaintiffs' claims in this matter. (Docket Nos. 62 and 80). During the hearing, Defendant offered the testimony of Mr. Alan Friedman, its former Supervisor of Special Education and Plaintiffs offered the testimony of J.L.'s father, Mr. L.[3] (Docket No. 62-2). The parties were then ordered to submit proposed findings of fact and conclusions of law at the close of the hearing and later ordered to file responses to same, all of which have been submitted to the Court. (Docket Nos. 84, 87, 91 and 92). In addition, the parties have submitted supplemental briefs regarding whether the application of the IDEA statute of limitations to Plaintiffs' claims in this case was impermissibly retroactive in light of recent decisions issued by district judges in the United States District Court for the Eastern District of Pennsylvania addressing the issue. (Docket Nos. 59 and

---

[3]

The Court notes that Defendant attempted to call Mrs. L as a witness but the Court sustained Plaintiffs' objection to her testimony on grounds that Mrs. L was not listed on Defendant's witness list and Defendant had not reserved the right to call Plaintiffs as witnesses, thereby violating the Order of Court issued on September 4, 2008 (Docket No. 56). (*See* Docket Nos. 57; 66 at 163-66); *see also Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir.1977), *overruled on other grounds, Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir.1985))(when considering whether to exclude witness testimony, the court considers the following: "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.").

The Court further notes that Mr. L. testified at length and Defendant was given ample opportunity to cross-examine him. Moreover, the hearing was continued as a result of Defendant's failure to produce certain documents and Defendant was granted leave to amend its witness list to permit Defendant to introduce testimony regarding the school district's practices and procedures of maintaining its special education records. While Defendant amended its witness list to include Mr. Travis Mineard, Coordinator of Special Education at Ambridge Area School District, (*see* Docket No. 67), Defendant declined to call Mr. Mineard to testify during the second session of the evidentiary hearing. (*See* Docket No. 81).

5

80). Finally, the Court has held in abeyance the deadline for the parties' filing of summary judgment motions regarding the remaining claims in Plaintiffs' Amended Complaint pending the Court's resolution of the present issue. (Docket No. 90).

III.    STANDARD OF REVIEW

"In a civil action arising from the administrative adjudication of an IDEA dispute, the district court conducts plenary review of legal conclusions and a 'modified de novo review' of factual findings to provide them 'due weight.'" *Terance D. v. School Dist. of Philadelphia*, 570 F.Supp.2d 739, 743 (E.D.Pa. 2008) (quoting *S.H. v. State-Operated Sch. Dist. of City of Newark*, 336 F.3d 260, 270-71 (3d Cir.2003)). The amount of deference granted to the administrative proceedings is contingent upon a determination of whether the district court admits additional evidence pursuant to Section 1415(i)(2)(C)(ii) of the IDEA. If additional evidence is not admitted, the district court is "required to defer to the [administrative law judge]'s factual findings unless it can point to contrary nontestimonial extrinsic evidence on the record" and "must explain why it does not accept the [administrative law judge]'s findings of fact to avoid the impression that it is substituting its own notions of sound educational policy for those of the agency it reviews." *S.H.*, 336 F.3d at 270 (citing *Susan N.*, 70 F.3d at 757). If, however, additional evidence is admitted by the district court, it is "free to accept or reject the agency findings depending on whether those findings are supported by the new, expanded record and whether they are consistent with the requirements of the Act." *S.H.*, 336 F.3d at 270 (quoting *Oberti v. Board of Education of the Borough of the Clementon School District*, 995 F.2d 1204, 1220 (3d Cir.1993)). The Court has accepted additional evidence in this matter (Docket Nos. 62-1, 66 80-1 and 81), but upon further consideration of same and in light of the decisions rendered by district judges in the Eastern District, has determined that the proper focus

should be a legal determination of whether the IDEA statute of limitations applies retroactively.

Accordingly, with respect to the retroactivity issue, the Court defers to the findings of fact made at

the administrative level but conducts a plenary review of the legal conclusions contained in those

decisions. *S.H.*, 336 F.3d at 270. However, regarding the statutory exceptions, the Court has

considered the evidence submitted by the parties at the additional evidence hearing and will address

same below. *Id.*

IV.    DISCUSSION

The Court turns initially to the issue of whether the IDEA statute of limitations applies

retroactively to bar Plaintiffs' compensatory education claims for the 2001-2002, 2002-2003 and

2003-2004 school years. Given that a finding that the statute does not apply retroactively would moot

the parties' contentions with respect to the application of the exceptions to the statute of limitations

to the facts of this case, the Court will first address the retroactivity issue and then briefly address

the parties' proposed findings of fact and conclusions of law as to the application of its exceptions.

A.    *IDEA Statute of Limitations and its Application at the Administrative Level*

"In December 2004, Congress adopted the [Individuals with Disabilities in Education

Improvement Act], which instituted a two-year statute of limitations for claims for compensatory

education, to take effect on July 1, 2005." *Mark v. Central Bucks School Dist.,* Civ. A. No. 08-571,

2009 WL 415767, at *4 (E.D.Pa. Feb 18, 2009)(citing *Lawrence Twp. Bd. of Educ. v. New Jersey*,

417 F.3d 368, 370 (3d Cir.2005)). Section 1415(f)(3)(C), the IDEA statute of limitations, provides

that:

> [a] parent or agency shall request an impartial due process hearing
> within 2 years of the date the parent or agency knew or should have
> known about the alleged action that forms the basis of the complaint,

> or, if the State has an explicit time limitation for requesting such a
> hearing under this sub-chapter, in such time as the State law allows.

20 U.S.C. § 1415(f)(3)(C) (2005). In addition, the applicable Regulations from the Secretary of the Department of Education (hereinafter "Regulations") explain that it is "clear that a due process complaint must allege a violation that occurred not more than two years before the date the parent or public agency knew or should have known, about the alleged action that forms the basis of the due process complaint." *J.L. I,* 2008 WL 509230, at \*8. (quoting 71 F.R. 46540-01 at 46697). This Court has previously construed the statute of limitations as an affirmative defense which is "triggered when the parent knew or should have known about the action that forms the basis of the complaint." *J.L. II.*, 2008 WL 2798306, at \*10.

Section 1415(f)(3)(D) enumerates two exceptions to the statute of limitations, providing, in relevant part, that the statute of limitations:

> shall not apply to a parent if the parent was prevented from requesting
> the hearing due to:
>
> > (i) specific misrepresentations by the local educational agency
> > that it had resolved the problem forming the basis of the
> > complaint; or
> >
> > (ii) the local educational agency's withholding of information
> > from the parent that was required under this subchapter to be
> > provided to the parent.

20 U.S.C. § 1415(f)(3)(D) (2005). As this Court previously recognized with respect to the statute's exceptions, the burden is shifted to Plaintiffs to establish that the exceptions to the statute of limitations are met and the Court must undertake a "highly factual inquiry" to determine if application of either exception is warranted. *J.L. II*, 2008 WL 2798396, at \*10.

Plaintiffs filed a due process request with Defendant on March 3, 2006, seeking

compensatory education as a result of an alleged denial of FAPE to J.L. for the 2001-2002, 2002-2003, 2003-2004, 2004-2005, and 2005-2006 school years. After a due process hearing was held, the Hearing Officer found that the IDEA statute of limitations applied to bar Plaintiffs' FAPE claims prior to March 3, 2004. The Appeals Panel affirmed the decision by the Hearing Officer, also finding that Plaintiffs' claims were statutorily barred. Plaintiffs seek review of these decisions in this action.

B.       *Retroactive Effect of the IDEA Statute of Limitations*

The threshold issue to be resolved is whether the IDEA statute of limitations bars Plaintiffs' compensatory education claims for alleged violations of the IDEA which occurred prior to the statute's effective date or whether the application of the IDEA statute of limitations to Plaintiffs' claims is impermissibly retroactive. Although appeals are pending,[4] the United States Court of Appeals for the Third Circuit has yet to address the issue and recent decisions by district judges sitting in the United States District Court for the Eastern District of Pennsylvania have arrived at

---

[4]

The Court notes that the decision in *P.P. ex rel. Michael P. v. West Chester Area School Dist.*, 557 F.Supp.2d 648 (E.D.Pa. 2008) has been appealed to the United States Court of Appeals for the Third Circuit. In addition, on March 27, 2009, the district court in *Steven I. v. Central Bucks School Dist*, certified the following issue for interlocutory appeal pursuant to 28 U.S.C. 1292(b):

> Whether the statute of limitations under the Individuals with Disabilities Education Act, as amended by the Individuals with Disabilities Education Improvement Act, 20 U.S.C. § 1415(f)(3)(C), applies retroactively to Plaintiffs' claims for compensatory education for the time period beginning with the 1997-98 school year and concluding on May 1, 2005.

*Steven I. v. Central Bucks School Dist.*, 2009 WL 839055, at *1 (E.D.Pa. March 27, 2009). The *Steven I.* matter has been stayed by the district court pending the resolution of that interlocutory appeal. *Id*.

differing conclusions.[5]

The decisions that have found that the IDEA statute of limitations is not impermissibly retroactive have focused on the fact that in those cases, both the submission of the due process complaint and the filing of the civil action in federal court occurred after the effective date of the statute, July 1, 2005. *See e.g., P.P. ex rel. Michael P. v. West Chester Area School Dist.*, 557 F.Supp.2d 648 (E.D.Pa. 2008)(finding that the IDEA statute of limitations applies to bar compensatory education claims prior to its enactment); *Evan H. v. UnionvilleChadds Ford Sch. Dist.*, Civ. A. No. 07-4990, 2008 U.S. Dist. LEXIS 91442, at *11, 2008 WL 4791634 (E.D.Pa. Nov. 4, 2008)(same); *School Dist. of Philadelphia v. Deborah A.*, Civ. A. No. 08-2924, 2009 WL 778321 (E.D.Pa. Mar. 24, 2009)(same). In *Evan H.*, the district court distinguished between situations in which the change in law occurred while a case was pending and actions which were brought after the change in law was effective, finding only the former to be impermissibly retroactive. *Evan H.*, 2008 WL 4791634, at *4. Further, the district court determined that the "reasonable time period" between the passage of the IDEA statute of limitations on December 3, 2004 and its effective date of July 5, 2005 "provided fair notice to potential claimants for an action to be commenced prior to the law's effective date." *Id.* The district court also opined that Congress could not have intended the "bizarre outcome" which resulted from a finding that the statute of limitations was impermissibly retroactive, *i.e.*, that a hypothetical plaintiff's claims could potentially be affected in the following manner. *Id.*

---

[5]

It appears that a motion addressing this issue is also pending before the Honorable Sylvia H. Rambo in the United States District Court for the Middle District of Pennsylvania. *See Breanne C. et al. v. Southern York County School District*, Civ. A. No. 1:08-cv-01526-SHR, Docket Nos. 19, 21, 34 (M.D.Pa.).

> [H]ad Plaintiffs requested their special education due process hearing on February 21, 2008, instead of in 2007, they would be permitted to raise claims relating to conduct from the prior two years (February 21, 2006 to February 21, 2008) and claims from the period prior to July 1, 2005, the date IDEA-2004 took effect, but would be barred from raising claims based on conduct occurring between July 1, 2005 and February 21, 2006.

*Id.* The district court ultimately found that the application of the two year statute of limitations was proper and, after conducting an analysis of the facts relative to the exceptions to the statute, found that the exceptions were inapplicable, denying the plaintiff's motion to remand that matter. *Id.* at *5-7, 9.

In contrast to those decisions, several district courts have found that the IDEA statute of limitations is impermissibly retroactive, relying on Supreme Court jurisprudence regarding the retroactivity of legislation, *e.g.*, *Landgraf v. USI Film Products*, 511 U.S. 244 (1994) and its progeny. *See e.g., Terance D. v. School Dist. of Philadelphia*, 570 F.Supp.2d 739 (E.D.Pa. 2008)(finding that IDEA statute of limitations does not apply retroactively); *Laura P. v. Haverford School Dist.*, 2008 WL 5000461 (E.D.Pa. Nov. 21, 2008)(same); *Mark v. Central Bucks School Dist*, 2009 WL 415767 (E.D.Pa. Feb. 18, 2009)(same); *Zoe S. v. W. Chester Area Sch. Dist.*, Civ. A. No. 06-3985, Docket Entry No. 22 (E.D.Pa. Oct. 16, 2008)(adopting the holding in *Terance D.*). The focus of these decisions is that prior to the enactment of IDEA 2004, the prevailing law in the Third Circuit was that there was no statute of limitations for compensatory education claims in IDEA cases, and that there is not an express statement of retroactivity in the statute. *Terance D.*, 570 F.Supp.2d. at 746-48. After applying the *Landgraf* analysis to those cases, the district courts have concluded that the application of the IDEA statue of limitations to compensatory education claims prior to its enactment has an impermissibly retroactive effect.

Upon consideration of both viewpoints, this Court finds the *Tereance D.* line of decisions to be more persuasive. In this Court's estimation, the distinction drawn by the district courts in *Michael P.* and *Evan H.* regarding whether a change of law occurred while a cause of action was pending versus whether a cause of action was filed after the change in law occurred, is not determinative. Following *Landgraf*, the United States Court of Appeals for the Third Circuit has held that "[r]etroactive application of a new statute ... occurs whenever the statute is applied to causes of action already accrued prior to its enactment date." *Lieberman v. Cambridge Partners, L.L.C.*, 432 F.3d 482, 487-88 (3d Cir. 2005)(citing *Landgraf*, 511 U.S. at 265, *which quoted Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 855, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990) (Scalia, J., concurring)). Moreover, the Court of Appeals has explained that a newly enacted statute of limitations can have a retroactive effect on claims upon which the "statute has not run at the time the statute is amended." *Lieberman*, 432 F.3d at 488 (quoting *Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assocs.*, Inc., 61 F.3d 608, 615 (8th Cir.1995)). Accordingly, the focus is more properly on when the cause of action *accrued* and not when a cause of action was *filed*. *See Laura P.*, 2008 WL 5000461, at *11 n. 22 (noting that "[t]he date of filing of litigation has no relevance in a retroactivity analysis. The *Landgraf* Court considered the timing of the underlying events giving rise to a claim, not the date a legal action was initiated in deciding a statute's retroactivity.").

As a result of this finding, this Court must apply the analysis set forth in *Landgraf* to determine if the IDEA statute of limitations is impermissibly retroactive. The United States Court of Appeals for the Third Circuit has articulated the two-part *Landgraf* test as follows:

> At the first stage, a court must determine if Congress has expressly prescribed the statute's intended reach. If Congress has done so, the inquiry ends, and the court enforces the statute as it is written. If the

12

statute is ambiguous or contains no express command, a court must examine whether the statute would have an adverse effect if it were held to be retroactive; that is to say, "whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." If the statute would do any of these things, it will not be applied retroactively, "absent clear congressional intent" to the contrary.

*Lieberman*, 432 F.3d at 488-89 (citing and quoting *Landgraf*, 511 U.S. at 280).  In addition, the

Court of Appeals has summarized the principles to be considered when applying the aforementioned

test.

1. There is a strong presumption against applying a statute in a manner that would attach new legal consequences to events completed before the statute's enactment, *i.e.*, a manner that would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties.

2. If Congress has focused on the issue, has determined that the benefits of retroactivity outweigh the potential for disruption or unfairness, and has provided unambiguous evidence of its conclusion by directing that retroactive effect be given, then, and only then, will the presumption be overridden.

3. Consistent with these principles, normal rules of statutory construction may apply to remove ... the possibility of retroactivity. Nothing short of an unambiguous directive, however, will justify giving a statute a retroactive effect. Thus, when normal rules of statutory construction indicate that a statute is intended to be applied in a manner involving no retroactive effect, a Court need inquire no further. On the other hand, if such construction suggests that a retroactive effect may have been intended, the traditional presumption nevertheless bars retroactive application unless an unambiguous congressional directive is found.

*Lieberman*, 432 F.3d at 489 n.10 (quoting *In re Minarik*, 166 F.3d 591, 597-98 (3d Cir.1999)).

1.   The IDEA Statute of Limitations Contains No Clear Congressional Intent of Retroactivity

Under *Landgraf*, this Court must first examine whether the IDEA statue of limitations contains a clear statement of Congressional intent that it be applied retroactively to bar claims that accrued prior to its enactment. The Supreme Court has explained that such intent must be stated with the "requisite clarity that the law be applied retrospectively" and that "[t]he standard for finding such unambiguous direction is a demanding one." *INS v. St. Cyr*, 533 U.S. 289, 316 (2001). Plaintiffs argue that no such intent is present in the statute or corresponding legislative history. Defendant contends that the mandatory language of the statute, that "[a] parent ... shall request an impartial due process hearing within 2 years of the date the parent ... knew or should have known about the alleged action that forms the basis of the complaint," coupled with the statute's statement that it shall be effective on July 1, 2005, evinces such intent. *See* 20 U.S.C. § 1415(f)(3)(C).

Several district courts in the Eastern District have recognized that "the IDEA amendment contains no clear Congressional intent of retroactivity." *Laura P.*, 2008 WL 5000461, at *12; *Tereance D.*, 570 F.Supp.2d at 747 ("the relevant text of the IDEIA simply lacks an express statement of retroactivity."). This Court's independent review of the legislation has arrived at the same conclusion. There is simply no provision in the 2004 IDEA amendments which states that section 1415(f)(3)(C) applies to bar compensatory education claims which accrued prior to the effective date of July 1, 2005. Moreover, Defendant's argument that the effective date of the legislation supports its position in this regard has been soundly rejected, as the Supreme Court held in *Landgraf* that "[a] statement that a statute will become effective on a certain date does not even arguably suggest that it has any application to conduct that occurred at an earlier date." *Landgraf*, 511 U.S. at 257; *see also Tereance D.*, 570 F.Supp.2d at 747 (quoting same). Accordingly, the Court finds that there is no clear statement of Congressional intent that the IDEA statute of limitations

14

should be applied to bar Plaintiffs' 2001-2002, 2002-2003 and 2003-2004 compensatory education claims.

2.     <u>Application of the IDEA Statute of Limitations to Plaintiffs' Pre-March 3, 2004 Claims Would Impair Plaintiffs' Rights</u>

As the Court has found that the statute of limitations contains no express command regarding its retroactive application, the second step of the *Landgraf* analysis requires the Court to determine if the application of the statute would have an adverse retroactive effect, "*i.e.*, would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Landgraf*, 511 U.S. at 280. "If the statute would do any of these things, it will not be applied retroactively, 'absent clear congressional intent' to the contrary." *Lieberman*, 432 F.3d at 488-89 (quoting *Landgraf*, 511 U.S. at 280). "The inquiry into the second step 'demands a commonsense, functional judgment about whether the new provision attaches new legal consequences to events completed before its enactment." *Laura P.*, 2008 WL 5000461, at *11 (quoting *Martin v. Hadix*, 527 U.S. 343, 352 (1999), *which quoted Landgraf*, 511 U.S. at 270).

In this regard, the Court must analyze a student's right to compensatory education in IDEA cases both before and after the effective date of the IDEA statute of limitations. The parties agree that prior to said effective date, and as a result of the United States Court of Appeals for the Third Circuit's decision in *Ridgewood v. N.E.*, 172 F.3d 238, 250 (3d Cir. 1999), there was no statute of limitations on compensatory education claims in the Third Circuit and no deadlines for the filing of a due process complaint.[6] *See also Penn Trafford School Dist. v. C.F. ex rel. M.F.*, Civ. A. No. 04-

---

[6] However, the Court recognizes that the courts in the Commonwealth of Pennsylvania apply

1395, 2006 WL 840334, at *6-7 (W.D.Pa. Mar. 28 2006). Therefore, had Plaintiffs filed their due

process complaint prior to July 1, 2005, the IDEA statute of limitations would not apply to bar their

claims for alleged denials of FAPE prior to March 3, 2004. As a result, application of the

amendment to the IDEA which added the statute of limitations "would attach new legal

consequences to events completed before the amendment's effective date." *Laura P.*, 2008 WL

5000461, at *12. Having found that the amendment contained no clear Congressional directive that

such a retroactive effect was intended, the Court finds that the IDEA statute of limitations, 20 U.S.C.

§ 1415(f)(3)(C), is impermissibly retroactive if applied to bar Plaintiffs' claims for alleged violations

during the 2001-2002, 2002-2003 and 2003-2004 school years. *S.H.*, 336 F.3d at 270-71.

The Court's holding in this regard is bolstered by the legislative history of the statute and its

stated purposes. Prior to the enactment of the IDEA statute of limitations, the Committee on Health,

Education, Labor and Pensions reported the following:

> *This new provision is not intended to alter the principle under IDEA*
> *that children may receive compensatory education services* ... First,
> the statute of limitations will bar consideration of claims where: (1)
> the allegation relates to conduct or services that are more than two
> years prior to the commencement of due process on the basis of that
> conduct or those services, or upon the unilateral placement of the
> child in a private school or with a private service provider, and (2)
> during that two year period, either (a) the services are not alleged to
> have been at cost or inappropriate, or (b) the conduct is not alleged to
> have been appropriate. In essence, where the issue giving rise to the
> claim is more than two years old and not ongoing, the claim is barred;
> where the conduct or services at issue are ongoing to the previous two
> years, the claim for compensatory education services may be made on
> the basis of the most recent conduct or services and the conduct or
> services that were more than two years old at the time of due process
> or the private placement.

---

a one-year statute of limitations to compensatory education claims. *See Terance D.*, 570 F.Supp.2d
at 744-45; *A.A. v. Exeter Tp. Sch. Dist.*, 485 F.Supp.2d 587, 588-89 (E.D.Pa. 2007).

S.Rep. No. 108-185, at 1 (2003)(emphasis added); *Robert R. v. Marple Newtown School Dist.*, 2005 WL 3003033, at *4 (E.D.Pa. Nov. 8, 2005)(quoting same). In *Robert R.*, the district court found that "[t]his report shows that the limitations period placed on claims for compensatory education by the 2005 amendment to the IDEA was not meant to limit the period which the hearing officer could consider when a due process hearing was timely brought." *Robert R.*, 2005 WL 3003033, at *4. Given that the amendments to the IDEA do not contain an express statement of retroactivity and that Congress did not intend to limit the period for timely filed compensatory education claims, application of the statute of limitations to bar Plaintiffs' claims is not warranted. Moreover, "[t]he goals of IDEA include ensuring that all children with disabilities have available to them a free appropriate public education and ensuring that the rights of children with disabilities and parents of such children are protected." *Winkelman v. Parma City School Dist.*, 550 U.S. 516, 523 (2007) (citing 20 U.S.C. §§ 1400(d)(1)(A)-(B) (2000 ed., Supp. IV)); *see also Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 250-51 (3d Cir. 1999)("IDEA's central goal is that disabled students receive an appropriate education"). Prior to the enactment of the IDEA statute of limitations, our Court of Appeals held that a parent's failure to object to a child's educational placement could not deprive a child of his or her right to an appropriate education. *Ridgewood*, 172 F3d at 250. Accordingly, application of the statute of limitations to bar Plaintiffs' claims in this action, without an express statement of Congressional intent permitting same, would deprive J.L. of his right to an appropriate education and undermine the express purposes of the IDEA.

At the administrative level, the Hearing Officer found that section 1415(f)(3)(C) was applicable because the parents filed their due process complaint after July 1, 2005 and held that the application of section 1415(f)(3)(C) prohibited the parents "from claiming any violation of the IDEA

prior to March 3, 2004." (Docket No. 37-2 at 7). The Appeals Panel affirmed the decision of the Hearing Officer, finding that the IDEA statute of limitations "established a 2-year limitation or 'window' on recovery of compensatory education absent evidence that either of the exceptions provided in the statute applies." (Docket No. 37-3 at 8). Both decisions were made in error as the IDEA statute of limitations was applied retroactively to bar Plaintiffs' claims for compensatory education for alleged violations during the 2001-2002, 2002-2003 and 2003-2004 school years. *See S.H.*, 336 F.3d at 270-71.

In making this determination, the Court is not persuaded by Defendant's argument that the rights of the Plaintiffs are not impaired as the parents had retained counsel throughout their various dealings with the school district, filed for due process on multiple occasions and later withdrew those requests. (*See* Docket No. 88 at 4-5). Other than the due process request which has resulted in this litigation, the parents did not file and/or withdraw such a request after the effective date of the statute of limitations. Moreover, even if the earlier withdrawals were made by the parents after consulting with their counsel, there is no clear directive from Congress in the amendments to the IDEA that the statute of limitations would apply to bar their claims prior to March 3, 2004, and this Court has found that the application of said limitations period to bar such claims is impermissibly retroactive. As a result, Plaintiffs' counsel could not have advised his clients that the withdrawal of the due process complaints would affect the rights of their child to receive compensatory education for the alleged denials of FAPE during the years in question. Further, Plaintiffs should not be prejudiced for attempting to resolve their various disputes with the school district in an informal manner rather than a formal due process hearing during a time in which there was no deterrent from proceeding in

that manner, as currently exists in the IDEA statute of limitations.[7]

### 3. Conclusion as to Retroactivity

Based on the foregoing and after conducting a plenary review of the decisions by the Hearing Officer and Appeals Panel, the Court finds that the IDEA statute of limitations does not bar Plaintiffs' claims of compensatory education prior to March 3, 2004 as found by the Hearing Officer and Appeals Panel. Accordingly, the Court concludes that the Hearing Officer and Appeals Panel committed errors of law by finding that Plaintiffs' claims that J.L. was denied a FAPE during the 2001-2002, 2002-2003 and 2003-2004 school years were statutorily barred.

### C. *IDEA Statute of Limitations and Exceptions*

Having found that the IDEA statute of limitations does not apply to Plaintiffs' claims, the Court's analysis regarding the application of the IDEA statute of limitations or its enumerated exceptions is unnecessary. However, upon consideration of the supplemental record developed at the "additional evidence" hearing and the parties' proposed findings of fact and conclusions of law, the Court finds that Plaintiffs have established by a preponderance of the evidence that the statute of limitations should be tolled under sections 1415(f)(3)(C) and (D). *See* 22 U.S.C. § 1415(i)(2)(C)(iii) ("[i]n any action brought under this paragraph, the court ... (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate."). The Court so holds for the following reasons.

The statute of limitations provides that a timely due process complaint must be filed "within

---

[7]

The Court notes that the United States District Court for the Western District of Pennsylvania promotes the resolution of disputes between parties informally as recognized by its mandatory Alternative Dispute Resolution Program. *See* ADR Policies and Procedures, available at: http://coldfusion.pawd.uscourts.gov/adr/Documents/adrpolicesprocedures.pdf (last visited 4/24/09).

2 years of the date the parent or agency knew or should have known about the alleged action that forms the basis of the complaint." 20 U.S.C. § 1415(f)(3)(C). The record evidence demonstrates that neither the parents nor the Defendant were aware that J.L. suffered from a learning disability until an independent evaluation was conducted by Dr. Margaret Kay and she produced a report regarding same to the parents and Defendant in May of 2005. (Docket Nos. 84 at ¶ 109; 87 at ¶¶ 92, 96). The record does not contain any evidence which would demonstrate that the parents, who are not psychologists or special education professionals, should have known of J.L.'s learning disability prior to the receipt of the report. In fact, the parents relied on Defendant and other educational professionals for all reports of J.L.'s progress. Therefore, even if the statute of limitations were construed to require that a due process complaint must allege a violation within two years of the date that the parent knew or should have known of the disability, the statute of limitations would not bar Plaintiffs' claims prior to May of 2003.

The record evidence also demonstrates by a preponderance of the evidence that the exceptions to the statute of limitations have been met by Plaintiffs as the parents were prevented from requesting a due process hearing regarding J.L.'s learning disability due to Defendant's misrepresentations and/or withholding of mandated information. The statute's exceptions provide that the statute of limitations:

> shall not apply to a parent if the parent was prevented from requesting the hearing due to:
>
> > (i) specific misrepresentations by the local educational agency that it had resolved the problem forming the basis of the complaint; or
> >
> > (ii) the local educational agency's withholding of information from the parent that was required under this subchapter to be

provided to the parent.

20 U.S.C. § 1415(f)(3)(D) (2005).

With respect to the exception codified at section 1415(f)(3)(D)(i), this Court has previously recognized that:

> [t]he Regulations ... provide that the drafters declined to specifically define "misrepresentations" as used in the Act, explaining that "[w]e do not believe that it is appropriate to define or clarify the meaning of "misrepresentations," as requested by the commenters. Such matters are within the purview of the hearing officer." [and] "[i]f the complaining party believes that the timeline in [20 U.S.C. 1415(f) (3)(C) ] should not apply, the complaining party would need to ask the hearing officer to determine whether an untimely due process complaint can proceed to hearing based on misrepresentations by [the district]. The hearing officer would then determine whether the party's allegation constitutes an exception to the applicable timeline."

*J.L. "I"*, 2008 WL 509230, at *7 (quoting 71 F.R. § 46540-01 at 46706 (August 14, 2006)). The district court in *Evan H.* and *Deborah A.* strictly construed this statute, limiting a parent from establishing that this exception was met absent evidence of an intentional misrepresentation on the part of the school district. *Evan H.*, 2008 WL 4791634, at *6; *Deborah A.*, 2009 WL 778321, at *4. However, given the stated purposes of the IDEA to ensure that a child receives an appropriate education, the remedial nature of the statute and the cited Regulations, this Court does not believe it is limited to considering only intentional misrepresentations to determine if this exception has been met.

Under Pennsylvania law, a party can be liable for intentional, negligent or innocent misrepresentations under certain circumstances. *See Bortz v. Noon*, 556 Pa. 489, 729 A.2d 555 (1999). The record evidence demonstrates by a preponderance of the evidence that Defendant at least engaged in negligent misrepresentations in reporting J.L.'s academic progress to the parents as

improving or adequate on multiple occasions. "Negligent misrepresentation requires proof of: (1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and; (4) which results in injury to a party acting in justifiable reliance on the misrepresentation." *Id.* (citation omitted). Further, "[t]he elements of negligent misrepresentation differ from intentional misrepresentation in that the misrepresentation must concern a material fact and the speaker need not know his or her words are untrue, but must have failed to make a reasonable investigation of the truth of these words." *Id.* at 501.

While Mr. L. testified that he did not believe that Defendant actively concealed any information regarding his child from him or his wife, the record evidence suggests that Defendant relied on information provided to it by third-party service providers and reported same to the parents, promoting J.L. from grade level to grade level without conducting any independent review to determine if the results were accurate. (Docket No. 81 at 13). Mr. Friedman testified that Defendant had an obligation to verify that the information provided was accurate but that the district would "spot check" with the service provider to check on J.L.'s progress. (Docket No. 66 at 139-40). When the parents met with the third party service providers to discuss J.L.'s progress, representatives from Defendant were not present and the parents were advised that J.L. was making progress academically. (*Id.* at 193). In addition, the third party service provider schools at which J.L. was placed by Defendant did not have the resources to meet his special needs including that there were no special education teachers at a school where he was placed, *id.* at 200, teachers were inexperienced and did not follow his IEP, *id.* at 171, and one of the schools awarded him a "C" for certain coursework although he mastered only 3 of the 17 competencies which were set forth on his

IEP, *id*. at 202. The parents were not advised by Defendant or any of the third party schools that J.L. had developed a specific learning disability from 2001-2005. *Id*. at 179, 209. In fact, Defendant conducted an evaluation of J.L. in April of 2005 and did not find that J.L. had developed a learning disability. *Id*. at 205-7. One month later, Dr. Kay conducted an independent educational evaluation of J.L. and reported that J.L. had developed a learning disability and that his educational skills had regressed. *Id*. at 207. Dr. Kay's report was shared with Defendant, which later agreed that J.L. had developed a learning disability. *Id*. Accordingly, based on these facts and after reviewing the record as a whole, this Court finds that Plaintiffs have demonstrated that misrepresentations were made to the parents which prevented them from requesting a due process hearing.

The district court in *Evan H.* and *Deborah A.* also strictly construed the exception codified at 1415(f)(3)(D)(ii), holding that "this exception 'refers solely to the withholding of information regarding the procedural safeguards available to a parent under that subchapter' [and] [t]hese safeguards 'includ[e] filing a complaint and requesting an impartial due process hearing,' as provided for by law." *Deborah A.*, 2009 WL 778321, at *5 (quoting *Evan H.*, 2008 WL 4791634, at *7). Much of the evidence submitted by Defendant focused on the parents' receipt of procedural safeguard notices on several occasions from Defendant. (Docket No. 66 at 39, 44, 46, 55, 62, 217-19). In this regard, the Court finds both that the parents did not receive the procedural safeguard notices at all required times and that the content of some of the notices were legally deficient.[8] Mr.

---

[8]    The Court notes that Plaintiffs initially filed a motion for judicial notice on November 18, 2008 (Docket No. 70), which was later incorporated into their findings of fact and conclusions of law (Docket No. 85). Plaintiffs' motion argues that the procedural safeguard notices which Defendant contends were submitted to the parents at specific times were ineffective as the statutory and regulatory provisions cited therein had been repealed or were not yet in existence and, as a result, were the incorrect versions of the required notices. (*Id*.). Plaintiffs produced an affidavit of Jennifer

L testified that the parents did not receive the notices at all required times. (Docket No. 91 at ¶ 44). Likewise, Defendant's witness, Mr. Friedman, testified that the procedural safeguard notices were not provided to the parents by Defendant at all required times. (Docket No. 91 at ¶ 45). Significantly, the notices produced to the parents did not include any statement that their failure to file a due process complaint could potentially result in a waiver of their child's right to an appropriate education or compensatory education. (*Id.*; Docket No. 66 at 153-54). Therefore, even if the notices contained information regarding the parents' rights to file a due process complaint and the procedures regarding same, the notices were inadequate for the purposes of informing the parents that their failure to file a due process complaint could potentially result in a loss of the right to recover compensatory education for their child.

In sum, the supplemental record developed before this Court would support a finding that the statutory exceptions to the IDEA statute of limitations have been met by Plaintiffs. Accordingly, Plaintiffs' claims for an alleged denial of FAPE during the 2001-2002, 2002-2003 and 2003-2004 school years are not barred by the statute of limitations as they fall within the exceptions.

     D.    *Remand for Further Administrative Proceedings*

---

Whittle, Technology Coordinator, for Lancaster-Lebanon Intermediate Unit 13, the administrating agency for the Pennsylvania Training Network in support of their motion, which states that the correct procedural safeguard notices for those time periods were those attached by Plaintiffs as Exhibits A-D. (Docket No. 84-2). Despite its request to formally respond to Plaintiffs' motion within its findings of fact and conclusions of law (*see* Docket No. 80), Defendant does not specifically address these arguments but only states that the versions produced by Defendant and those proffered by Plaintiffs contain similar statements regarding the procedures for the initiation of a due process complaint. (Docket No. 87 at ¶¶ 114-16). However, as noted above, the Court finds that the notices are defective for the purposes of the statute of limitations as the language relied upon by Defendant does not contain any notice to the parents that their failure to file a due process complaint could result in a loss of the ability to recover compensatory education services for their child in the future. Accordingly, Plaintiffs' motion is denied, as moot.

This Court is required to "give 'due weight' to the factual findings of the hearing officer in IDEA cases." *Antoine M. v. Chester Upland Sch. Dist.*, 420 F.Supp.2d 396, 401 (E.D.Pa. 2006)(citing *Board of Educ. of Hendrick Hudson Cent. Sch. Dist., et al. v. Rowley*, 458 U.S. 176, 206 (1982)). In this case, the Hearing Officer found that the IDEA statute of limitations barred Plaintiffs' claims prior to March 3, 2004 and did not make specific factual findings regarding Plaintiffs' claims prior to that date. (Docket No. 37-2 at 7). The Appeals Panel affirmed the Hearing Officer's decision regarding the application of the statute of limitations. (Docket No. 37-3 at 8). In so holding, the Hearing Officer and Appeals Panel committed errors of law and, as a result, the administrative record does not contain factual findings related to Plaintiffs' claims for the 2001-2002, 2002-2003 and 2003-2004 school years. Accordingly, the appropriate disposition at this juncture is to remand this case to the administrative level to determine whether Defendant deprived J.L. of a FAPE for the periods in question and whether J.L. is entitled to compensatory education for any such deprivation. *See Mark,* 2009 WL 415767, at *9 (remanding case to administrative level after finding error of law in the application of the IDEA statute of limitations); *Penn Trafford*, 2006 WL 840334, at *5 (W.D.Pa. Mar. 28 2006)(remanding case to administrative level after finding that it was error of law for the statute of limitations in *Montour* to be applied); *A.A. ex rel E.A. v. Exeter Tp. Sch. Dist.*, 485 F.Supp.2d 587 (E.D. Pa. 2007)(remanding case to administrative level and directing administrative courts to apply *Ridgewood* rather than the statute of limitations in *Montour*); *Robert R. v. Marple Newton Sch. Dist.*, No. Civ.A. 05-1282, 2005 WL 3003033 (E.D.Pa. Nov. 8, 2005)(same).

A subsequent change to the legislative scheme in Pennsylvania has eliminated the "two-tiered procedural system to resolve disputes as to whether a free, appropriate public education has been

afforded to an eligible student" referenced in an earlier Memorandum Opinion and, as a result, the Appeals Panel has been eliminated. *J.L. II*, 2008 WL 2798306, at *3; *see also* 22 Pa. Code § 14.162(o) ("The decision of the hearing officer regarding a child with a disability or thought to be a child with a disability may be appealed to a court of competent jurisdiction."). Accordingly, this matter is remanded to the Hearing Officer for further consideration of the above cited issues in the context of the facts of this case.

V.    CONCLUSION

Based on the foregoing, the Court finds that the IDEA statute of limitations does not bar Plaintiffs' claims for an alleged denial of a FAPE during the 2001-2002, 2002-2003 and 2003-2004 school years and that the Hearing Officer and Appeals Panel committed errors of law in finding that those claims were barred by the IDEA statute of limitations. As a result, this matter is REMANDED to the Hearing Officer for further consideration as to whether J.L. was denied a FAPE during the above-enumerated schools years and the appropriate amount, if any, of compensatory education to be awarded for such denials. An appropriate Order follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: April 27, 2009

cc/ecf: All counsel of record